1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**STATE OF WASHINGTON**

**KING COUNTY SUPERIOR COURT**

| | |
|---|---|
| MACARIO HERRERA,<br><br>Plaintiff,<br><br>v.<br><br>SPRINT COMMUNICATIONS CO. L.P.<br>DBA SPRINT COMMUNICATIONS<br>COMPANY LIMITED, DBA SPRINT<br>CORPORATION, a Delaware Limited<br>Partnership, and DIVERSIFIED<br>CONSULTANTS, INC., a Minnesota<br>Corporation, and I.C. SYSTEM, INC.,<br><br>Defendants. | NO.<br><br>PLAINTIFF'S COMPLAINT FOR<br>INJUNCTIVE RELIEF AND<br>DAMAGES FOR VIOLATIONS OF<br>THE WASHINGTON CONSUMER<br>PROTECTION ACT, THE<br>WASHINGTON COLLECTION<br>AGENCY ACT, AND THE FAIR<br>DEBT COLLECTION PRACTICES<br>ACT, *INTER ALIA* |

COMES NOW, Plaintiff, MACARIO HERRERA, by and through his attorney, ROBERT MITCHELL, and complains against the Defendants as follows:

### I.    STATEMENT OF THE CASE

This is an action for injunctive relief to prevent further harm to Plaintiff and to prevent future harm to other Washington consumers and debtors and to prevent Defendants' future violations of the Fair Debt Collection Practices Act (FDCPA), the Washington State Collection Agency Act (WCAA), and the Washington State Consumer Protection Act (CPA).

PLAINTIFF'S COMPLAINT                                       1

Robert Mitchell Attorney at Law, PLLC
1020 N. Washington St. | Spokane, WA 99201
Ph (509) 327-2224 | Fax (888) 840-6003
bobmitchellaw@gmail.com

## II.    PARTIES

2.1    Plaintiff, MACARIO HERRERA is a resident of the city of Kent, in King County, Washington, south of Interstate 90.

2.2    Plaintiff allegedly owes a consumer debt, specifically, a Sprint cellular telephone service contract.

2.3    Plaintiff is therefore a "debtor" as defined by the Fair Debt Collection Practices Act (FDCPA), and the Collection Agency Act (CAA) and a "person" as defined by the Consumer Protection Act (CPA), and Plaintiff acted as a "debtor" and a "person" at all times relevant to this litigation.

2.4    Defendant, SPRINT COMMUNICATIONS CO. L.P. DBA SPRINT COMMUNICATIONS COMPANY LIMITED, DBA SPRINT CORPORATION (hereinafter "SPRINT"), is a Delaware Limited Partnership, registered in Delaware under file number 2178147.

2.5    SPRINT holds multiple Washington State business licenses, and is registered to do business in Washington under UBI number 600647084.

2.6    Defendant, DIVERSIFIED CONSULTANTS, INC. (hereinafter "DCI") is a Florida Corporation registered to do business in Washington State under UBI number 602151049 and in Florida under Document Number P93000010583.

2.7    DCI holds a Washington State Collection Agency License.

2.8    Defendant, DCI is therefore a "debt collector" as defined by the FDCPA, a "collection agency" and a "licensee" and as defined by the CAA, and a "business" as defined by the CPA, and DCI acted as such at all times relevant to this complaint.

2.9    Defendant, I.C. SYSTEM, INC. (hereinafter "I.C.") is a Minnesota Corporation registered to do business in Washington State under UBI number 601105716 and in Minnesota under File Number E-1124.

2.10   I.C. holds a Washington State Collection Agency License.

PLAINTIFF'S COMPLAINT                           2

2.11   Defendant I.C. is therefore a "debt collector" as defined by the FDCPA, a "collection agency" and a "licensee" and as defined by the CAA, and a "business" as defined by the CPA, and I.C. acted as such at all times relevant to this complaint.

2.12   Defendants made attempts to collect a disputed debt at the heart of this litigation.

## III.   JURISDICTION AND VENUE

3.1   Jurisdiction and Venue in King County Superior Court are appropriate where the acts at issue and described herein or some part thereof occurred in King County Washington, and where the injury to Plaintiff or some part thereof occurred in King County Washington, and where the Defendants have engaged in substantial business contacts in King County Washington, and where Defendants have already submitted to this jurisdiction by attempting to collect a debt in this jurisdiction, and where the Plaintiff prays for injunctive relief. RCW 4.12.020; 4.12.025; 4.28.180; 4.28.185; and 7.40.010.

3.2   Defendants DCI and I.C. are liable unto Plaintiff pursuant to the provisions of the Consumer Protection Act, RCW 19.86 *et seq.*, the Collection Agency Act, RCW 19.16 *et seq.*, the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.*, as well as other applicable state and federal laws.

3.3   Defendant SPRINT is liable unto Plaintiff pursuant to the provisions of the Consumer Protection Act, RCW 19.86 *et seq.*, as well as other applicable state and federal laws.

## IV.   FACTS

4.1   Plaintiff, MACARIO HERRERA ("Plaintiff") has good credit.

4.2   Plaintiff has never had a cellular telephone contract with Sprint.

4.3   One day, Plaintiff received a letter dated August 12, 2017, from I.C. stating that Plaintiff had an unpaid Sprint cellular telephone account ending in 0684.

PLAINTIFF'S COMPLAINT                                    3

Robert Mitchell Attorney at Law, PLLC
1020 N. Washington St. | Spokane, WA 99201
Ph (509) 327-2224 | Fax (888) 840-6003
bobmitchellaw@gmail.com

4.4     The letter from I.C. misspelled Plaintiff's surname as "Herrer."

4.5     The letter from I.C. explained that Plaintiff owed $1,274.65, but he could pay 70% of that sum to settle the account and stop collection.

4.6     Plaintiff had never had a Sprint account, and maintained cellular telephone service with a different provider.

4.7     The letter was confusing to Plaintiff, because he did not have a Sprint account, and this was not his debt.

4.8     Plaintiff contacted I.C. to dispute, and told them it was not his debt.

4.9     Thereafter, the Sprint 0684 account went to a different debt collection agency.

4.10     Plaintiff received a letter from DCI dated October 21, 2017, claiming the same thing, that Plaintiff owed $1,274.65, on an unpaid Sprint account.

4.11     The October 21, 2017 letter from DCI also misspelled Plaintiff's surname as "Herrer."

4.12     Again, Plaintiff contacted DCI to explain that it was not his debt.

4.13     On November 25, 2017, Plaintiff reported the incident of identity theft to the Kent Police Department and explained that a Sprint account was opened in Plaintiff's name without his knowledge.

4.14     The Police Report number is 170052251.

4.15     Plaintiff submitted the Police Report and a fraud affidavit to Sprint.

4.16     On December 22, 2017, Sprint rejected Plaintiff's fraud claim, stating that the account information matched public records, that payments were made at the Sprint store, and the Sprint store is in the same area as Plaintiff's home.

4.17     On January 19, 2018, Plaintiff obtained his Trans Union credit report, and saw that DCI was reporting the Sprint collection account on his credit, and had updated it as recently as January 14, 2018.

PLAINTIFF'S COMPLAINT                    4

Robert Mitchell Attorney at Law, PLLC
1020 N. Washington St. | Spokane, WA 99201
Ph (509) 317-2224 | Fax (888) 840-6003
bobmitchellaw@gmail.com

4.18    Despite Plaintiff's explanations, DCI updated the reporting in January 2018 to reflect Plaintiff's dispute, but continues to report that Plaintiff owes an unpaid Sprint account.

4.19    Plaintiff also noticed two unfamiliar telephone numbers on his credit report.

4.20    Plaintiff's reputation has been damaged by Defendants' erroneous reporting.

4.21    Plaintiff's credit report was damaged as a direct and proximate result of Defendants' reporting.

4.22    Defendants invaded Plaintiff's privacy by unnecessarily obtained copies of Plaintiff's credit report without a permissible purpose.

4.23    Plaintiff has suffered emotional distress because Defendants keep pursuing him for a false debt.

4.24    Plaintiff tried to handle this matter without legal action, to no avail.

4.25    Plaintiff seeks damages for his lost time and productivity, emotional distress, and injunctive relief to fix this problem and protect other consumers.

## V.    FAIR DEBT COLLECTION PRACTICES ACT VIOLATION
### (Application of the Statute to Defendants DCI and I.C.)

5.1    Plaintiff re-alleges paragraphs 1 through 4, inclusive as though fully set forth herein.

5.2    Pursuant to the Fair Debt Collection Practices Act (FDCPA), a "consumer" or "debtor" means "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. §1692a(3).

5.3    Pursuant to the FDCPA, the term "debt" means: "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. §1692a(5).

PLAINTIFF'S COMPLAINT                                    5

Robert Mitchell Attorney at Law, PLLC
1020 N. Washington St. | Spokane, WA 99201
Ph (509) 327-2224 | Fax (888) 840-6003
bobmitchellaw@gmail.com

5.4   Pursuant to the FDCPA, the term "debt collector" means: "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. §1692a(6).

5.5   DCI and I.C. are not original creditors, and DCI and I.C. use the mail and interstate commerce to collect defaulted consumer accounts and accounts that were in default when they were assigned.

5.6   Therefore, the FDCPA applies in this case because the Plaintiff is a "debtor," the debt at the heart of this case is a "consumer debt," which arose from a transaction in which the services are primarily for personal, family, or household purposes, and DCI is a "debt collector" that attempted to collect a debt owed to a third party.

## VI.   FIRST CAUSE OF ACTION
Fair Debt Collection Practices Act Violation – as to DCI and I.C.
(Communication Violations, Deceptive Acts, and Unfair Acts)

6.1   Plaintiff re-alleges paragraphs 1 through 5, inclusive as though fully set forth herein.

6.2   Congress enacted the Fair Debt Collection Practices Act in response to "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors [which] contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a); Evon v. Law Offices of Sidney Mickell, 688 F.3d 1015, 1024 (9th Cir. 2012).

6.3   The Fair Debt Collection Practices Act is a strict liability statute, and prohibits deceptive or misleading debt collection from the perspective of the least sophisticated consumer. Swanson v. Southern Oregon Credit Service, Inc., 869 F.2d 1222 (9th Cir. 1988).

PLAINTIFF'S COMPLAINT                              6

Robert Mitchell Attorney at Law, PLLC
1020 N. Washington St. | Spokane, WA 99201
Ph (509) 327-2224 | Fax (888) 840-6003
bobmitchellaw@gmail.com

6.4    The FDCPA also states: "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e.

6.5    The following conduct is a violation of section 1692e: "The false representation of the character, amount, or legal status of a debt…." 15 U.S.C. §1692e(2).

6.6    The act *broadly* prohibits "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10). (See, Baker v. G.C. Servs. Corp., 677 F.2d 775, 778 (9th Cir. 1982)).

6.7    "The threat to take any action that cannot legally be taken or that is not intended to be taken" violates 15 U.S.C. §1692e(5).

6.8    The FDCPA prohibits communicating information that the debt collector knows to be false, including to credit reporting agencies. 15 U.S.C. §1692e(8).

6.9    A debt collector must not use unfair and unconscionable means to collect debts. 15 U.S.C. §1692f.

6.10    It is unfair and unconscionable for a debt collector to collect any amount that is not expressly authorized by agreement or permitted by law. 15 U.S.C. §1692f(1).

6.11    DCI is reporting information to a credit reporting agency that DCI knows, or should know to be false, in violation of 15 U.S.C. §1692e(8).

6.12    DCI and I.C. have attempted to collect a debt that Plaintiff does not owe, which DCI and I.C. know Plaintiff does not owe, in violation of 15 U.S.C. §1692e, e(2) e(5) and e(10), and 15 U.S.C. §1692f and f(1).

6.13    DCI and I.C., therefore, violated the FDCPA.

PLAINTIFF'S COMPLAINT                                    7

Robert Mitchell Attorney at Law, PLLC
1020 N. Washington St. | Spokane, WA 99201
Ph (509) 327-2224 | Fax (888) 840-6003
bobmitchellaw@gmail.com

6.14    Plaintiff was injured by DCI's and I.C.'s actions in that he suffered emotional distress from being the unfortunate target of DCI's and I.C.'s unfair acts and business practices.

6.15    Plaintiff incurred costs because of DCI and I.C.

6.16    DCI's and I.C.'s actions are a direct and proximate cause of Plaintiff's injuries.

6.17    DCI's and I.C.'s actions were intentional, unfair, unconscionable, and outrageous.

6.18    DCI's and I.C.'s actions illustrate why an injunction is necessary to protect Plaintiff and other Washington debtors from similar harm.

## VII.    SECOND CAUSE OF ACTION
### (*Per Se* Consumer Protection Act Violation – as to DCI and I.C.)

7.1    Plaintiff re-alleges paragraphs 1 through 6, inclusive as though fully set forth herein.

7.2    RCW 19.16.100(2) states that "'Collection agency' means and includes…Any person directly or indirectly engaged in soliciting claims for collection, or collecting or attempting to collect claims owed or due or asserted to be owed or due another person."

7.3    RCW 19.16.100(1) states that a "Person" for purposes of the CAA "includes individual, firm, partnership, trust, joint venture, association, or corporation."

7.4    RCW 19.16.100(9) states that a "licensee" for purposes of the CAA "means any person licensed under this chapter."

7.5    The alleged debt in this case is a "claim" as defined by RCW 19.16.100(5) because it is an "obligation for the payment of money or thing of value arising out of any agreement or contract, express or implied."

7.6    Plaintiff is a "debtor" as defined by RCW 19.16.100(11) because DCI and I.C. allege that Plaintiff owes a "claim."

PLAINTIFF'S COMPLAINT                                    8

Robert Mitchell Attorney at Law, PLLC
1020 N. Washington St. | Spokane, WA 99201
Ph (509) 327-2224 | Fax (888) 840-6003
bobmitchellaw@gmail.com

7.7     DCI and I.C. are collecting "claims" asserted to be owed to another, and are not the original creditor, so therefore DCI and I.C. are each a "Collection Agency," a "licensee" and a "person."

7.8     It is a prohibited practice under RCW 19.16.250(15) to take action against Plaintiff that it cannot legally take.

7.9     It is prohibited to collect sums or fees not legally chargeable to the debtor. RCW 19.16.250(21).

7.10    DCI and I.C. violated RCW 19.16.250(15) and (21) by attempting to collect a debt that Plaintiff does not owe.

7.11    Washington's CPA states: "Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." RCW 19.86.020.

7.12    The Collection Agency Act states that violations of RCW 19.16.250 are *per se* violations of the Washington State Consumer Protection Act, RCW 19.86 et seq.   RCW 19.16.440.

7.13    Plaintiff has spent time and money that could have been better spent elsewhere because of DCI and I.C.

7.14    DCI's and I.C.'s actions are a direct and proximate cause of Plaintiff's injuries.

7.15    DCI's and I.C.'s actions were intentional, willful, wanton, unfair, unconscionable, and outrageous.

7.16    DCI's and I.C.'s actions illustrate why an injunction is necessary to protect Plaintiff and other Washington debtors/consumers from similar harm.

PLAINTIFF'S COMPLAINT                                9

Robert Mitchell Attorney at Law, PLLC
1020 N. Washington St. | Spokane, WA 99201
Ph (509) 327-2224 | Fax (888) 840-6003
bobmitchellaw@gmail.com

## VIII.   THIRD CAUSE OF ACTION

(Consumer Protection Act Violation – as to DCI and I.C. - *in the alternative*)

8.1     Plaintiff re-alleges paragraphs 1 through 7, inclusive as though fully set forth herein.

8.2     Washington's CPA states: "Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." RCW 19.86.020.

8.3     The Washington CPA applies to the actions at issue herein because the Plaintiff is a "consumer" and DCI and I.C. are each a "business," the complaint involves conduct which occurred in the course of trade/commerce, the Plaintiff was damaged in his property by DCI's and I.C.'s actions, and the complaint involves a matter of public interest which is capable of repetition and affects other consumers in this state.

8.4     In the alternative, to determine what constitutes an unfair act or practice under Washington's CPA, Washington courts look to the various federal statutes dealing with similar matters. Lightfoot v. MacDonald, 86 Wn.2d 331, 335, 544 P.2d 88 (1976).  The court in Lightfoot stated:

> ...we are directed by the statute to look to "the various federal
> statutes dealing with the same or similar matters" in resolving
> questions which arise under the state act.

Lightfoot at 335.

8.5     One such federal statute which Washington courts look to in determining if a particular act is unfair under Washington's CPA, is the Federal Trade Commission Act, after which Washington's CPA was modeled, and which states: "Unfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce, are hereby declared unlawful." 15 U.S.C. §45(a)(1).

PLAINTIFF'S COMPLAINT                                    10

Robert Mitchell Attorney at Law, PLLC
1020 N. Washington St. | Spokane, WA 99201
Ph (509) 327-2224 | Fax (888) 840-6003
bobmitchellaw@gmail.com

1     8.6      The Fair Debt Collection Practices Act, which proscribes specific unfair acts

2  when collecting debts, is another statute that courts have examined to determine if an act is

3  unfair and violates the state Consumer Protection Act. 15 U.S.C. §1692 *et seq.*

4     8.7      In addition to examining federal statutes to determine if a specific act is unfair

5  and violates the state CPA, Washington Courts also give great weight to Federal Trade

6  Commission (FTC) interpretations of conduct that is unfair or deceptive. Testo v. Dunmire

7  Oldsmobile, Inc., 554 P.2d 349 (1976) citing Tradewell Stores, Inc. v. T. B. & M., Inc., 7 Wn.

8  App. 424, 500 P.2d 1290 (1972); (examining cases arising under the Federal Trade

9  Commission Act), 15 U.S.C. §45; and RCW 19.86.920.

10     8.8      In Testo, the court stated:

11

12  > The courts of this state are specifically directed to "be guided by" federal court interpretations of those various federal statutes after which our Consumer Protection Act is patterned. Testo at 350.

13

14     8.9      Based on the above federal and state statutes and case law, this Court should use

15  the FDCPA standards of unfair and deceptive practices to determine if DCI and I.C. violated

16  Washington's CPA in the case at hand.

17     8.10     Under the FDCPA, it is an unfair act/practice to collect a debt that is not owed,

18  or to communicate false information to the credit reporting agencies.

19     8.11     In this case, DCI and I.C. violated the FDCPA and the Washington State

20  Collection Agency Act by attempting to collect a debt that is not owed. in addition to other

21  unfair, deceptive and unconscionable acts.

22     8.12     Where DCI's and I.C.'s collection attempts are unfair and deceptive acts or

23  practices in violation of the FDCPA, and the Washington State Collection Agency Act, DCI's

24  and I.C.'s collection attempts are likewise unfair acts or practices under this state's Consumer

25  Protection Act.

26  PLAINTIFF'S COMPLAINT               11

Robert Mitchell Attorney at Law, PLLC
1020 N. Washington St. | Spokane, WA 99201
Ph (509) 327-2224 | Fax (888) 840-6009
bobmitchellaw@gmail.com

8.13   Therefore, DCI and I.C. committed unfair acts or practices in the conduct of trade or commerce and violated the Washington State Consumer Protection Act (CPA) as codified in RCW 19.86, *et seq.*, where DCI's and I.C.'s collection acts and practices violated the Federal Collection Statute (FDCPA).

8.14   Plaintiff was injured by DCI's and I.C.'s actions.

8.15   Plaintiff spent time and money because of DCI and I.C.

8.16   DCI's and I.C.'s actions are a direct and proximate cause of Plaintiff's injuries.

8.17   DCI's and I.C.'s actions were intentional, willful, wanton, unfair, unconscionable, and outrageous.

8.18   DCI's and I.C.'s actions illustrate why an injunction is necessary to protect Plaintiff and other Washington debtors, consumers and citizens from similar harm.

## IX.   FOURTH CAUSE OF ACTION
### (Washington State Consumer Protection Act – as to SPRINT)

9.1   Plaintiff re-alleges paragraphs 1 through 8, inclusive as though fully set forth herein.

9.2   Washington's Consumer Protection Act ("CPA") states: "Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." RCW 19.86.020.

9.3   The CPA applies to the actions at issue herein because the Plaintiff is a "consumer" and Sprint is a "business," this case involves conduct which occurred in the course of trade/commerce, the Plaintiff was damaged in his property by Sprint's actions, and the complaint involves a matter of public interest which is capable of repetition and will likely affect other consumers in this state.

9.4   Plaintiff believes and therefore avers that Sprint permitted an identity thief to open an account in Plaintiff's name.

PLAINTIFF'S COMPLAINT                                    12

Robert Mitchell Attorney at Law, PLLC
1020 N. Washington St. | Spokane, WA 99201
Ph (509) 327-2224 | Fax (888) 840-6003
bobmitchellaw@gmail.com

9.5     Sprint, unfairly and deceptively, places the blame on Plaintiff for the false Sprint account simply because Plaintiff has the misfortune of living in the vicinity of a Sprint retail store.

9.6     Sprint wrongfully sent Plaintiff to collection.

9.7     Sprint unfairly and deceptively refused to conduct a reasonable fraud investigation.

9.8     Sprint unfairly and deceptively refused to close the false account after receipt of Plaintiff's fraud affidavit and police report.

9.9     Trying to solve this problem on his own has taken Plaintiff unreasonable time, expense, frustration and inconvenience caused by Sprint.

9.10     Plaintiff believes and therefore avers that Sprint's finds it more profitable for it to pursue victims of identity theft instead of doing the right thing and closing fraudulently-opened accounts.

9.11     Sprint's actions are a direct and proximate cause of Plaintiff's injuries.

9.12     Sprint's actions were intentional, willful, wanton, unfair, unconscionable, and outrageous.

9.13     Sprint's actions illustrate why an injunction is necessary to protect Plaintiff and other Washington debtors, consumers and citizens from similar harm.

## X.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment to be entered against the Defendants as follows:

A.     For an Injunction preventing Defendants from ever again contacting Plaintiff for any reason whatsoever, pursuant to RCW 19.86.090, and Scott v. Cingular Wireless, 160 Wn.2d 843, 161 P.3d 1000 (2007); Hockley v. Hargitt, 82 Wn.2d 337, 349-50, 510 P.2d 1123

PLAINTIFF'S COMPLAINT                           13

Robert Mitchell Attorney at Law, PLLC
1020 N. Washington St. | Spokane, WA 99201
Ph (509) 327-2224 | Fax (888) 840-6003
bobmitchellaw@gmail.com

1  (1973); Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co., 105 Wn.2d 778, 783-

2  84, 719 P.2d 531 (1986); Lightfoot v. MacDonald, 86 Wn.2d 331, 335-36, 544 P.2d 88 (1976);

3      B.      For an Injunction preventing Defendants from ever again collecting a debt that

4  is not owed, pursuant to RCW 19.86.090, and Scott v. Cingular Wireless, 160 Wn.2d 843, 161

5  P.3d 1000 (2007); Hockley v. Hargitt, 82 Wn.2d 337, 349-50, 510 P.2d 1123 (1973); Hangman

6  Ridge Training Stables, Inc. v. Safeco Title Ins. Co., 105 Wn.2d 778, 783-84, 719 P.2d 531

7  (1986); Lightfoot v. MacDonald, 86 Wn.2d 331, 335-36, 544 P.2d 88 (1976);

8      C.      For an Injunction preventing Defendants from ever again collecting upon the

9  subject debt, pursuant to RCW 19.86.090, and Scott v. Cingular Wireless, 160 Wn.2d 843, 161

10 P.3d 1000 (2007); Hockley v. Hargitt, 82 Wn.2d 337, 349-50, 510 P.2d 1123 (1973); Hangman

11 Ridge Training Stables, Inc. v. Safeco Title Ins. Co., 105 Wn.2d 778, 783-84, 719 P.2d 531

12 (1986); Lightfoot v. MacDonald, 86 Wn.2d 331, 335-36, 544 P.2d 88 (1976);

13     D.      For an Injunction preventing Defendants from ever selling, transferring, or

14 assigning this debt, pursuant to RCW 19.86.090, and Scott v. Cingular Wireless, 160 Wn.2d

15 843, 161 P.3d 1000 (2007); Hockley v. Hargitt, 82 Wn.2d 337, 349-50, 510 P.2d 1123 (1973);

16 Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co., 105 Wn.2d 778, 783-84, 719

17 P.2d 531 (1986); Lightfoot v. MacDonald, 86 Wn.2d 331, 335-36, 544 P.2d 88 (1976);

18     E.      For an Injunction preventing the licensee, the customer of the licensee, or any

19 other person who may hereafter legally seek to collect on this claim, from ever being allowed

20 to recover any interest, service charge, attorneys' fees, collection costs, delinquency charge, or

21 any other fees or charges otherwise legally chargeable to the debtor on such claim, pursuant to

22 RCW 19.16.450, RCW 19.86.090, and Scott v. Cingular Wireless, 160 Wn.2d 843, 161 P.3d

23 1000 (2007); Hockley v. Hargitt, 82 Wn.2d 337, 349-50, 510 P.2d 1123 (1973); Hangman

24 Ridge Training Stables, Inc. v. Safeco Title Ins. Co., 105 Wn.2d 778, 783-84, 719 P.2d 531

25 (1986); Lightfoot v. MacDonald, 86 Wn.2d 331, 335-36, 544 P.2d 88 (1976);

26 PLAINTIFF'S COMPLAINT                    14

1    F.    For Actual and Compensatory damages in an amount to be proven at trial,

2  pursuant to RCW 19.86 *et seq.*, 15 U.S.C. §1692 *et seq.*, and various common law claims;

3    G.    For Statutory damages in the amount of $1,000, pursuant to 15 U.S.C. §1692 *et*

4  *seq.*;

5    H.    For Incidental and Consequential damages in an amount to be proven at trial;

6    I.    For treble Plaintiff's Actual Damages up to the amount of $25,000, pursuant to

7  RCW 19.86, *et seq.*;

8    J.    For costs and reasonable attorney's fees in an amount to be proven at trial

9  pursuant to 15 U.S.C. §1692 et seq. and RCW 19.86 *et seq.*;

10    K.    For interest on the above amounts as authorized by law;

11    L.    For other relief as the Court deems just and equitable; and

12    M.    For leave to amend this complaint as needed and as required.

13    N.    For leave to seek Civil Rule 23(b) status if information becomes available

14  through discovery supporting the need for class action status.

### XI.    REQUEST FOR TRIAL BY JURY

16  Plaintiff hereby requests a trial by jury pursuant to U.S. Const. Amend. 7 and

17  Washington Superior Court Civil Rule 38.

19  Dated this ___6th___ day of February, 2018.

20                                  Respectfully submitted,

22                                  ROBERT MITCHELL (WSBA #37444)
                                    Robert Mitchell Attorney at Law, PLLC
23                                  1020 N. Washington St.
                                    Spokane, WA 99201
24                                  Telephone: (509) 327-2224
                                    Facsimile: (888) 840-6003
25                                  E-mail: bobmitchellaw@gmail.com

26  PLAINTIFF'S COMPLAINT                    15